IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID R. DURDEN,
    Plaintiff,

vs.                                          Case No.:  4:05cv226/MMP/EMT

MONICA DAVID, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 13).  Leave to proceed in forma pauperis has been granted (Doc. 8).

    Because Plaintiff is a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity, the court may dismiss the case if satisfied that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. §1915A(b)(1).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *See* Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  *See* Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *See* Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Sys., Inc., 119 F.3d 922, 923 (11th Cir.

1997). Upon review of Plaintiff's complaint, the court concludes that it does not present an actionable claim.

Plaintiff is an inmate of the Florida correctional system, presently housed at Union Correctional Institution (Doc. 13 at 2). Named as Defendants in this action are: Monica David and Jimmy Henry, present and past Chairpersons of the Florida Parole Commission (Commission); former Commissioner Judith A. Wolson; and present Commissioners Tena Pate and Fredrick B. Dumphy (*id.* at 1-2a). Plaintiff alleges Defendants violated the Ex Post Facto Clause in spacing his parole interviews five years apart instead of two years apart (*id.* at 7). In support, Plaintiff states he was convicted of sexual battery in 1982 and sentenced to two-hundred years in the Florida Department of Corrections (DOC) in 1984 (*id.*). From the time of Plaintiff's entry into the DOC in 1984 until some time in 1997, Plaintiff was interviewed for parole by the Commission every two years (*id.*). However, a Florida statute enacted in 1997, Fla. Stat. § 947.174, was applied to Plaintiff by Defendants and resulted in Plaintiff being interviewed by the Commission every five years instead of every two years (*id.*). As relief, Plaintiff seeks an "immediate [parole] hearing and [parole hearings] every two years thereafter" (*id.* at 8).

To violate the Ex Post Facto Clause, a new statute must inflict "a greater punishment, than the law annexed to the crime, when committed." Lynce v. Mathis, 519 U.S. 433, 441, 117 S. Ct. 891, 895, 137 L. Ed. 2d 63 (1997) (quoting Calder v. Bull, 3 Dall. 386, 390, 1 L. Ed. 648 (1798)). An ex post facto law must (1) "apply to events occurring before its enactment" and (2) "disadvantage the offender affected by it" by "altering the definition of criminal conduct or increasing the punishment for the crime." Lynce, 519 U.S. at 441 (quoting Collins v. Youngblood, 497 U.S. 37, 50, 110 S. Ct. 2715, 2723, 111 L. Ed. 2d 30 (1990)). The issue is "whether [the new law] produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." California Dep't. of Corrections v. Morales, 514 U.S. 499, 509, 115 S. Ct. 1597, 1603, 131 L. Ed. 2d 588 (1995). Analysis of this question should consider only objective considerations, Lynce, 519 U.S. at 443, and is a question of degree, Morales, 514 U.S. at 509 (citation omitted).

To adjudicate Plaintiff's claim, three cases must be examined: Morales, 514 U.S. at 499; Garner v. Jones, 529 U.S. 244, 120 S. Ct. 1362, 146 L. Ed. 2d 236 (2000), *reversing* 164 F.3d 589 (11th Cir. 1999); and Tuff v. State, 732 So. 2d 461 (Fla. 3d DCA 1999). The Supreme Court's

reversal of the Eleventh Circuit's opinion in Jones v. Garner, 164 F.3d 589 (11th Cir. 1999), a case which considered an ex post facto claim to a Georgia parole regulation, is helpful in analyzing the Florida statute at issue here.  Yet, ultimately, the Court's opinion in Garner does not mandate the outcome of this case, nor does it alter the framework set out in Morales for analysis of this claim.[1]

The 1997 statute was retrospectively applied to Plaintiff, as was the case in Morales, resulting in parole interviews of Plaintiff every five years instead of every two years.  Thus, the 1997 statute was applied to the execution of a sentence imposed for a 1982 offense.  The real issue here then is whether the new law has created "a sufficient risk of increasing the measure of punishment attached to the covered crimes."  As recast by Morales, "[i]f a delay in parole hearings raises ex post facto concerns, it is because that delay *effectively increases* a prisoner's term of confinement . . ." Morales, 514 U.S. at 509 n.4 (emphasis added).  Not every retroactive procedural change that creates a risk of affecting an inmate's term is prohibited.  *Id.* at 503.

According to Plaintiff, at the time he committed his offense in 1982 the parole statute required parole interviews every two years.  Indeed, Fla. Stat. § 947.174(1) (1995), provided in pertinent part as follows:

> For any inmate whose presumptive parole release date falls more than 2 years after the date of the initial interview, a hearing examiner shall schedule an interview for review of the presumptive parole release date.  Such interview shall take place within 2 years after the initial interview and every 2 years thereafter . . . .

On June 1, 1997, the Florida Legislature enacted chapter 97-289, S.B. 258, Laws of Florida, which changed the frequency of subsequent parole hearings for certain prisoners from every two years to every five years.  The relevant portion of this amendment was codified as section 947.174(1)(b), Florida Statutes (1997) and states as follows:

> Subsequent [parole] interviews.
>
> (1)(b) For any inmate convicted of murder, attempted murder, sexual battery, attempted sexual battery, or who has been sentenced to a 25 year minimum mandatory sentence . . . , and whose presumptive parole release date is more than 5

---

[1]The Garner Court reversed and remanded the case with instructions to consider the inmate's claim that he had "not been permitted sufficient discovery to make" the required showing that the Georgia regulation had a significant risk of increased punishment.  There is no need for discovery in this case, however, as the Florida statute is much more like the statute in Morales, and differs significantly from the Georgia regulation.

Case No. 4:05cv226/MMP/EMT

years after the date of the initial interview, a hearing examiner shall schedule an interview for review of the presumptive parole release date. Such interview shall take place within 5 years after the initial interview and once every 5 years thereafter if the commission finds that it is not reasonable to expect that parole will be granted at a hearing during the following years and states the bases for the finding in writing. For any inmate who is within 7 years of his or her tentative release date, the commission may establish an interview date prior to the 5-year schedule.

Because Plaintiff was convicted of sexual battery, his parole interviews were spaced five years apart pursuant to section (1)(b) of the 1997 statute. Notably, however, the 1997 statute permits the Commission, at any time and for "good cause," to "request that a hearing examiner conduct a subsequent hearing." Fla. Stat. § 947.174(2) (1997).[2]

The California parole regulations considered in Morales, and existing when the petitioner there committed his offense, made prisoners eligible for annual reconsideration if parole was denied at the initial parole consideration hearing. Morales, 514 U.S. at 503. The legislature then amended the regulation to "defer subsequent suitability hearings for up to three years if the prisoner has been convicted of 'more than one offense which involves the taking of a life' and if the Board 'finds that it is not reasonable to expect that parole would be granted at a hearing during the following [three] years and states the bases for the findings.'" *Id.*

The Supreme Court found significant that the new California statute applied "only to a class of prisoners for whom the likelihood of release on parole [was] quite remote." *Id.* at 510. It also found that the law was "carefully tailored" because (1) it had no effect on the date of a prisoner's initial parole suitability hearing, affecting only the timing of subsequent hearings; (2) inmates were given a full hearing as to whether it was "not reasonable to expect that parole would be granted at a hearing during the following years"; (3) the parole board had to state its finding on that question in writing; and (4) the board still had discretion to alter the frequency of parole hearings. *Id.* at 511-12. From this the Court concluded:

> In light of the particularized findings required under the amendment and the broad discretion given to the Board, the narrow class of prisoners covered by the amendment cannot reasonably expect that their prospects for early release on parole

---

[2]Specifically, section (2) states, "The commission, for good cause, may at any time request that a hearing examiner conduct a subsequent hearing according to the procedures outlined in this section. Such request shall specify in writing the reasons for such review." Fla. Stat. § 947.174(2).

Case No. 4:05cv226/MMP/EMT

would be enhanced by the opportunity of annual hearings. *Id.* at 512. The Court determined that the new law "create[d] only the most speculative and attenuated risk of increasing the measure of punishment attached to the covered crimes," *id.* at 514, and thus did not violate the Ex Post Facto Clause.

In Jones v. Garner, 164 F.3d 589 (11th Cir. 1999), the Eleventh Circuit examined a Georgia parole regulation and found an ex post facto violation. At the time of Jones' offense, a parole regulation required reconsideration every three years if parole was denied at the initial interview. Jones, 164 F.3d at 590. The regulation was amended to require parole reconsideration only once every eight years for prisoners serving life sentences. *Id.* The court noted that the Georgia regulation applied to a much broader range of inmates than in Morales, applying to any prisoner with a life sentence. Jones, 164 F.3d at 593-94. Thus, the court was "unable to conclude that [the Georgia regulation] will apply 'only to a class of prisoners for whom the likelihood of release on parole is quite remote.'" *Id.* Also, the court noted the lack of safeguards which would indicate the regulation was carefully tailored to relieve the board of the time-consuming process of denying parole to those who would not be paroled in the interim. *Id.* at 594. The Georgia regulation did not require any sort of hearing as to whether it was reasonable to expect that parole would be granted during the intervening eight years, and required no findings on this question. *Id.* at 594-95.

In reversing Jones, however, the Supreme Court noted that Morales demands a "more rigorous analysis of the level of risk created by the change of law." Garner, 529 U.S. at 244. It held that the Court of Appeals had "little information bearing on the level of risk" and that absent such knowledge, the claim rested on speculation. *Id.* at 256. The Court also remarked that the Eleventh Circuit failed to consider the Georgia Parole Board's policy statements in analyzing the claim. *Id.*

In 1999, a challenge similar to the claim at bar was raised regarding the 1997 version of Fla. Stat. § 947.174. *See* Tuff, 732 So. 2d 461 (Fla. 3d DCA 1999). In holding that the statute did not violate the Ex Post Facto Clause, the court pointed out that the Florida statute "affords the procedural safeguards mentioned in Morales." Tuff, 732 So.2d at 463. Tuff is a thorough, well-reasoned decision, and its holding should guide this court in finding that the delay in parole interviews created by Fla. Stat. § 947.174(1)(b) (1995) does not violate the Ex Post Facto Clause.

While the statute lengthens the time between parole interviews for certain inmates, there is

no inherent risk in this statute that an inmate's incarceration will be extended. *See* Garner 529 U.S. at 256. Initially, as in Morales, the provision applies only to a class of prisoners, like Plaintiff, for whom the likelihood of release on parole is quite remote. As noted above, Plaintiff was convicted of sexual battery and sentenced to two-hundred years imprisonment. It is unlikely he would be paroled sooner if parole interviews were conducted every two years instead of five, and such a finding would be merely speculative. Moreover, like in Morales, section 1(b) of the statute provides that interviews will be held five years apart only "if the commission finds that it is not reasonable to expect that parole will be granted during the following [five] years and states the bases for the finding in writing." Thus, the Commission has the discretion to conduct an earlier hearing if parole is likely, and if parole is found to be unlikely, the Commission must state the bases for such a finding in writing.

Also noteworthy is the fact that, in a separate section of the statute, the Commission has discretion to establish a hearing for good cause "at any time." Fla. Stat. § 947.174(2). This kind of discretion was an important consideration for the Court in Garner. The Court acknowledged that "the Board's policies permit 'expedited parole reviews in the event of a change in their circumstance or where the Board receives new information that would warrant a sooner review.'" Garner, 529 U.S. at 254. The Court pointed out that in Morales, it "relied upon the State's representation that its parole board had a practice of granting inmates' requests for early review." Garner, 529 U.S. at 256-57. Because Georgia's policies also permitted an earlier review, and "[a]bsent any demonstration to the contrary," the Court accepted "that inmates, upon making a showing of a 'change in their circumstance[s]' or upon the Board's receipt of 'new information,' may request expedited consideration." *Id.* at 257. Because the 1997 statute here provides that a hearing may, for good cause, occur sooner than five years, there does not appear to be a significant risk that Plaintiff's measure of punishment has been increased. Moreover, the statute provides an additional safeguard; namely, that inmates within seven years of their tentative release date may be interviewed sooner than the five-year schedule.

In summary, Florida's 1997 statute, similar to the one at issue in Morales, affects only the timing of subsequent parole hearings, not the initial hearing; the Commission must determine whether it is reasonable to expect that parole will be granted sooner than five years, and if not, must

state its findings in writing for denying a subsequent hearing in less than five years; and the Commission has discretion to alter the frequency of parole hearings or to conduct a hearing at any time upon a showing of good cause.  *See* Morales, 514 U.S. at 511-12.  Thus, Florida's parole statute, Fla. Stat. § 947.174, creates "only the most speculative and attenuated risk of increasing the measure of punishment," and does not violate the Ex Post Facto Clause.  Morales, 514 U.S. at 514.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2) for Plaintiff's failure to state a claim upon which relief may be granted.

At Pensacola, Florida this  7th  day of June 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**